IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

---

BRENT HOPKINS )
    *Plaintiff* )
)
v. )
) Case No.: 6:13-cv-03302-GAF
METROPOLITAN LIFE INSURANCE )
COMPANY )
    Serve: The Corporation Company )
    120 South Central Avenue )
    Clayton, MO 63105 )
)
    and )
)
METLIFE SECURITIES, INC )
    Serve: The Corporation Company )
    120 South Central Avenue )
    Clayton, MO 63105 )
)
    *Defendants*. )

---

## STIPULATION AND ORDER OF CONFIDENTIALITY

      WHEREAS, this agreement pertains to the documents produced by Plaintiff Brent Hopkins ("Plaintiff") and Defendants Metropolitan Life Insurance Company and MetLife Securities, Inc. (collectively "Defendants" and collectively with Plaintiff, "the parties") in the course and scope of the above-captioned litigation commenced by Plaintiff, *Hopkins v. Metropolitan Life Insurance Company, et al.,* No. 6:13-cv-03302-GAF ("the Action");

      WHEREAS, the parties consider certain of the information being sought in discovery in the Action to be of a confidential nature; and

      WHEREAS, the parties have agreed to this Stipulation and Order of Confidentiality to permit Plaintiff and Defendants to discover information deemed confidential pursuant to procedures protecting the confidentiality of such information;

IT IS HEREBY STIPULATED AND AGREED by the parties, through their respective counsel as follows:

1. This Stipulation and Order of Confidentiality ("Stipulation") shall govern the use and disclosure (except by the producing party) of all material produced in the Action constituting, containing or disclosing, in whole or in part, information, documents, and/or testimony designated as "Confidential," whether it be a discovery response, information revealed during a deposition or information contained in, or communicated through, any other medium or means.

2. (a) Defendants may designate in good faith as "Confidential" any document, interrogatory response, testimony and/or other discovery material, disclosed by any party or third-party ("Discovery Material") that Defendants believe contains non-public and/or business information (including but not limited to commercial, client, marketing, survey, strategic, proprietary and/or financial information, as well as personnel, payroll or employment information pertaining to any present and/or former employee of Defendants) or personal information which Defendants would, in the absence of litigation, maintain in confidence.

(b) Plaintiff may designate in good faith as "Confidential" any document, interrogatory response, testimony and/or discovery material (disclosed by any party or third-party) he believes contains non-public, personal information and/or non-public information concerning Plaintiff.

(c) No designation of "Confidential" shall be made unless counsel for the designating party believes in good faith that the material is in fact Confidential within the meaning of this paragraph 2.

(d) "Confidential Information" as used in this Stipulation shall refer to any Discovery Material designated "Confidential" and shall also refer to all copies, summaries,

abstracts or excerpts thereof and any other material subsequently prepared from Confidential Information by any of the Parties or on behalf of any of the Parties.

3. In the event a party disagrees with any designation of Confidential Information, counsel for the Parties shall confer in good faith and attempt to resolve the matter informally. If they are unable to do so, an application may be made to the Court for a determination whether particular documents or other information should be treated as Confidential Information. The information in question shall be treated as Confidential subject to the terms of this Stipulation until the Court orders otherwise or the party producing the Confidential Information agrees in writing to withdraw the designation with respect to that document and/or information.

4. Confidential Information contained in physical objects or documents, including but not limited to any transcripts, exhibits, answers to interrogatories or other discovery requests, electronically stored information or copies thereof will be designated by stamping or affixing thereto the label "CONFIDENTIAL" or, if it is not possible to affix a label, by giving written notice of the designation. A Party may designate testimony given at a deposition as Confidential Information by an appropriate statement at the time of the giving of such testimony or upon subsequent review of the transcript by, within thirty (30) business days of receipt of the transcript, advising the other Party's counsel in writing of the specific pages and lines of the transcript to be designated as Confidential Information.

5. Any Discovery Material designated as Confidential, and any information contained in any Discovery Material so designated, shall be handled and treated in accordance with this Stipulation. The disclosure of Discovery Material without designating it as Confidential Information shall not constitute a waiver of a Party's claim of confidentiality or right to designate Discovery Material as Confidential Information at a later time. If so designated, the Discovery

3

Material shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation.

6. As used herein, the term "document" means the original, all copies, drafts and fragments of writings, papers, printed or graphic material of any kind, including, without limitation, court papers, employment records, financial records, log books, memoranda, reports, notes, messages (including reports, notes and memoranda of telephone conversations and conferences), tape recordings, film, and/or audio or video recordings of any type, information generated or stored on a disk, in a computer memory or otherwise electronically stored, correspondence, announcements, minutes, newspapers and calendar or diary entries, or other tangible matter from whatever source, however produced or reproduced, whether sent or received or neither, including the original and any non-identical copies. Documents include all attachments, cover pages, and enclosures, and all information derived therefrom.

7. Subject to the provisions of paragraphs 7, 8 and 9, persons authorized to receive Confidential Information (a "Qualified Recipient") shall only include: (i) partners or associates of O'Reilly, Jensen & Preston LLC ("OJP") and legal assistants and support staff of OJP; (ii) Plaintiff; (iii) employees of Defendants or its other entities providing assistance to Defendants' counsel in this litigation; (iv) partners or associates of Proskauer Rose LLP, Dentons US LLP, or other counsel, legal assistants and/or support staff; (v) deponents, but only to the extent that the deponent authored, previously received and/or was copied on the document in the ordinary course of his or her employment and/or responsibilities; or to the extent the deponent was or is an employee of Defendants and is being shown a document concerning Defendants; (vi) experts and experts' staff or third parties employed or retained by the Parties or their attorneys for the purpose of assisting counsel in the prosecution or defense of this Action, provided that the requirements of

4

paragraph 8 are met; (vii) the Court (including any of its personnel); (viii) stenographic reporters or videographers who take and transcribe testimony in connection with this Action; and (ix) any other person to whom counsel for the producing Party agrees in writing.

8. Access to/disclosure of Confidential Information shall only be permitted or made to Qualified Recipients to the extent that the Parties' counsel in good faith reasonably believes that such access or disclosure is reasonably necessary to the prosecution or defense of this litigation. In the case of a Qualified Recipient described in paragraph 7(vi) and (ix), above, access to/disclosure of Confidential Information shall only be made after such person executes an Agreement and Acknowledgement to be bound by the Order of Confidentiality (the "Acknowledgement") in the form attached hereto as Exhibit "A." A file of all written Acknowledgements by persons who have executed an Acknowledgment shall be maintained by the Parties' counsel.

9. Confidential Information shall be used only for the purposes of this Action (and not for any other judicial or other proceeding) and for no other purpose whatsoever, and shall not be disclosed, given, shown, discussed or otherwise divulged or communicated, in whole or in part, directly or indirectly, to any person, firm or entity except as provided herein. Each Qualified Recipient will maintain Confidential Information in confidence and will not reveal to or discuss such information with any person who is not a Qualified Recipient without the prior written consent of the producing Parties' counsel or, in the absence of such consent, an order by the Court authorizing such disclosure.

10. In the event a non-producing Party's counsel considers it necessary to disclose Confidential Information to a person who is not a Qualified Recipient, counsel for the Parties shall confer in good faith and attempt to resolve the matter informally. If they are unable to do so,

5

an application may be made to the Court for a determination whether the proposed disclosure shall be permitted. The information in question shall be treated as Confidential Information, subject to the terms of this Stipulation, until otherwise ordered by the Court or the producing Parties' counsel agrees in writing to the disclosure.

11. Confidential Information once disclosed may be copied only to the extent necessary to permit its use in accordance with the terms of this Stipulation.

12. The Parties agree that any documents or other materials containing Confidential Information should not be filed with the Court except under seal. In addition, any Party seeking to submit material that has been designated as Confidential Information by another Party shall provide the designating Party with ten (10) days' notice of its intent to submit Confidential Information so as to permit the designating Party to apply to the Court for an Order sealing the material. In applying to the Court for such an order sealing the material, the Party making such application shall: (i) provide the Court with a copy of this Stipulation of Confidentiality; and (ii) request that all documents marked Confidential, including any portions of documents referring to such Confidential information, filed in connection with any motion (including moving, opposition and reply papers) be filed with the Court under seal. Where possible, only confidential portions of filings with the Court shall be submitted or filed under seal.

13. Nothing contained in this Stipulation shall be construed to prejudice any party's right to use in open court any Confidential Information, provided that reasonable notice of the intended use of the Confidential Information shall be given to opposing counsel.

14. If a Party wishes to use information or documents designated as Confidential Information during any hearing or other proceeding in this action, the Parties' counsel will confer in good faith to agree upon a method (subject to the Court's approval) to protect such

6

Confidential Information during such proceedings.  If the Parties are unable to agree on a method to protect such Confidential Information, any Party may apply to the Court for a mechanism to maintain the confidentiality of discovery material designated as Confidential Information.

15. Confidential Information shall be used only in this Action and shall be kept strictly confidential and shall not be disclosed, disseminated, discussed or otherwise published, in whole or in part, directly or indirectly, by any manner, method or means whatsoever to any person, firm or entity except as provided herein.  No receiving party, its counsel, or their agents, employees, representatives or consultants shall in any other litigation or proceeding use any information designated as Confidential Information.

16. Nothing contained herein bears on the discoverability or admissibility of any documents, records and/or information.

17. Within thirty (30) days of the conclusion of this action (including appeals, if any), all Confidential Information and all documents containing such information in the possession of a Qualified Recipient or any other person who has received such documents and/or information pursuant to this Stipulation, shall be returned to the producing Party's counsel upon written request, together with all copies, except that those documents containing the Party's own attorney's notes and/or work product may be (a) destroyed or (b) retained by counsel for the Party; subject to a continuing obligation of confidentiality pursuant to this Agreement, in lieu of returning the documents.  No Confidential Information may be used in any other judicial or other proceeding or for any other purpose.

18. This Stipulation shall remain in full force and effect until modified, amended, superseded, or terminated by written consent of all the Parties or order of the Court and shall survive the termination of the proceedings in this Action.

19. This Stipulation is enforceable as a contract pursuant to Missouri law, the breach of which is subject to any sanction deemed appropriate by the Court should such breach occur during the course of the Action, or in an action for damages and/or injunctive relief in Missouri state court, in the event of a breach after that proceeding has been concluded.

Dated: May 30, 2014

| | |
|---|---|
| O'REILLY, JENSEN & PRESTON, LLC | DENTON US LLP |
| | |
| */s/ Eric Jensen* | */s/ Carly D. Duvall* |
| Eric G. Jensen (Mo. Bar # 43094) | Carly D. Duvall (MO Bar #61925) |
| 2808 S. Ingram Mill Road | 4520 Main Street |
| Building A104 | Suite 1100 |
| Springfield, Missouri 65804 | Kansas City, MO 64111-7700 |
| Telephone: 417.890.1555 | Telephone: 816.460.2582 |
| Facsimile: 417.890.1778 | Facsimile: 816.531.7545 |
| eric@ojplaw.com | carly.duvall@dentons.com |
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |
| | -AND- |
| | PROSKAUER ROSE LLP |
| | Joseph C. O'Keefe (*pro hac vice*) |
| | Daniel L. Saperstein (*pro hac vice*) |
| | One Newark Center |
| | Newark, New Jersey 07102 |
| | Telephone: 973.274.3200 |
| | Facsimile: 973.274.3299 |
| | jokeefe@proskauer.com |
| | dsaperstein@proskauer.com |
| | *Attorneys for Defendants* |

IT IS SO ORDERED.

GARY A. FENNER, JUDGE
UNITED STATES DISTRICT COURT

DATED: _____

8

# EXHIBIT A

## AGREEMENT & ACKNOWLEDGEMENT OF CONFIDENTIALITY

I hereby acknowledge that I have read, understand and agree to be bound by the terms, conditions and restrictions of the Stipulation and Order of Confidentiality (the "Stipulation") in the above-captioned action. I acknowledge that I am being given access to Confidential Information within the meaning of the Stipulation and will act in accordance with the obligations described in the Stipulation.

I understand that breach of the terms of the Stipulation may be punishable by contempt of Court and subject to appropriate legal penalties. I hereby submit to the jurisdiction of the Court for purposes of enforcement of the Stipulation.

_____          _____
Signature                                                                     Date

_____
Print Name

_____
Address